Quizhpi Juncal v. Garland

BIA
Christensen, IJ
A206 560 303/606

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

MARIA QUIZHPI JUNCAL, JOSE FELIX
GRANDA GRANDA,
> *Petitioners*,

v.                                                      **22-6014**
                                                        **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONERS:**     Paul B. Grotas, The Grotas Firm, P.C., New York, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Quizhpi Juncal and Jose Felix Granda Granda, natives and citizens of Ecuador, seek review of a December 8, 2021 decision of the BIA, affirming a September 17, 2018 decision of an Immigration Judge ("IJ"), which denied their applications for cancellation of removal and withholding of removal. *See In re Maria Quizhpi Juncal, Jose Felix Granda Granda*, Nos. A 206 560 303/606 (B.I.A. Dec. 8, 2021), *aff'g* Nos. A 206 560 303/606 (Immig. Ct. N.Y. City Sept. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2

2006). Petitioners sought cancellation of removal, asserting that their U.S. citizen children will suffer exceptional and extremely unusual hardship upon their removal, and they sought withholding of removal based on past persecution their fathers suffered on account of their Quechua identity.

## I. Cancellation of Removal

We deny the petition as to cancellation of removal. Nonpermanent residents may have their removal cancelled if, as relevant here, they "establish[] that removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). The hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (internal quotation marks omitted). In assessing hardship, the agency considers "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives," including how a lower standard of living, diminished educational opportunities, or adverse conditions in the country of removal might affect the relatives. *Id.* at 63; *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (describing the hardship requirement as a "very high standard").

Our jurisdiction to review the agency's denial of cancellation of removal is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D). A question of law includes the application of law to established facts, and thus here, it includes review of whether established facts meet the "exceptional and extremely unusual hardship" standard. *See Wilkinson v. Garland*, 601 U.S. 209, 222 (2024). We review constitutional claims and questions of law *de novo*. *See Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

The agency evaluated the effect removal would have on the emotional and financial well-being of Granda Granda's son, who would remain in the United States with his mother, and the education, health care, and standard of living that Quizhpi Juncal's two daughters would experience in Ecuador, as well as country conditions evidence of violence toward women and girls. Quizhpi Juncal and Granda Granda raise some arguments that amount to a disagreement over the correctness of the factual findings, including the seriousness of the individual hardships their children would face, which are factual matters outside our jurisdiction. *See Wilkinson*, 601 U.S. at 225 ("The facts underlying any determination on cancellation of removal . . . remain unreviewable. For instance, an IJ's factfinding on credibility, the seriousness of a family member's medical

4

condition, or the level of financial support a noncitizen currently provides remain unreviewable.").

To the extent that Quizhpi Juncal and Granda Granda challenge the application of the legal standard, however, we "have jurisdiction to review the agency's exceptional and extremely unusual hardship determination," so "we address the merits of [their] claims." *Garcia Carrera v. Garland*, No. 22-6319, 2024 WL 4019030, at *2 (2d Cir. Sept. 3, 2024). Contrary to Quizhpi Juncal's and Granda Granda's argument here, the agency explicitly considered the hardships in the aggregate, and we discern no legal error in its analysis. *See* Certified Administrative Record at 6 (BIA Dec.), 79 (IJ Dec.). And there is no basis for remand after *Wilkinson* because the aggregate hardship established by the evidence was not outside the norm. Considering the facts as found by the IJ, Quizhpi Juncal's daughters did not have serious medical conditions or special educational needs, and "[a] lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship." *In re Monreal Aguinaga*, 23 I. & N. Dec. at 63. Moreover, Granda Granda's son primarily lived with, and

was supported by, his mother, such that separation from his father would result in the ordinary emotional hardship that comes from the removal of a parent. *Cf. id.* at 62–63 (explaining that applicant whose child has very serious health issues may have a strong case). In short, the agency did not err in determining that the established facts did not meet the "exceptional and extremely unusual hardship" standard. *See* 8 U.S.C. § 1229b(b)(1)(D).

## II.    Withholding of Removal

We also deny the petition as to withholding of removal. On review of a final order of removal, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). *See also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing factual findings for substantial evidence and legal questions *de novo*).

Withholding of removal is a mandatory form of relief that requires a petitioner to "demonstrate a clear probability of future persecution," *Jian Liang v. Garland*, 10 F.4th 106, 112 (2d Cir. 2021) (internal quotation marks omitted), and that "race, religion, nationality, membership in a particular social group, or political opinion" is "one central reason" for that persecution, 8 U.S.C. §

6

1158(b)(1)(B)(i); *see also* 8 C.F.R. § 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 114 (2d Cir. 2022) (upholding BIA's interpretation that asylum's "one central reason" standard applies to withholding of removal).

"As a general principle, an . . . applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's . . . protected characteristic." *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (regarding asylum applicants); *Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006) ("When the withholding of removal analysis overlaps factually with the asylum analysis (which entails a lesser burden of proof), an alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement to withholding of removal."). Some exceptions apply where an "applicant's family member was harmed as a means of targeting the *applicant* on some protected ground," or "the applicant not only shares (or is perceived to share) the characteristic that motivated persecutors to harm the family member, but was also within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident." *Tao Jiang*, 500 F.3d at 141.

Granda Granda testified that his family members suffered discrimination because of their Quechua identity, and, when he was ten years old, he saw his

7

father's boss hit his father with a machete, injuring him severely enough to require him to walk with a cane. The boss was angry because Granda Granda's father kept his children in school instead of sending them to work for him. On this record, the agency reasonably concluded that Granda Granda did not establish that the boss's actions were aimed at him or that his father was hit because he was Quechua. Accordingly, the agency did not err in concluding that Granda Granda did not suffer past persecution. *See id*.

The agency also did not err in concluding that Quizhpi Juncal did not suffer past persecution based on harm to her father. She testified that rich farmers who employed her father mistreated him because he was poor, indigenous, and spoke Quechua, and that they would hit him if he did not work; however, she did not witness this mistreatment. Given that she never saw her father mistreated and did not allege that the mistreatment was a means of targeting her, the agency did not err in concluding that she did not establish past persecution. *See id.*

The failure to demonstrate past persecution is dispositive because Quizhpi Juncal and Granda Granda do not separately argue or identify country conditions evidence to support a claim that they will be persecuted in the future based on their Quechua identity. *See Jian Liang*, 10 F.4th at 112 (explaining that

8

"withholding of removal is reserved for applicants who demonstrate a clear probability of future prosecution" (internal quotation marks and citation omitted)).

Finally, we lack jurisdiction to review the challenge to the BIA's decision to resolve the appeal through a decision of a single board member. *See Kambolli v. Gonzales*, 449 F.3d 454, 465 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:

Catherine O'Hagan Wolfe,
Clerk of Court
